Filed 7/12/24  P. v. Shamoun CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HADEER SHAMOUN,<br><br>    Defendant and Appellant. | D083287<br><br><br>(Super. Ct. No. ECR11141) |

APPEAL from an order of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Appeal dismissed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Hadeer Shamoun appeals an order extending for two years his civil commitment under Penal Code section 1026.5[1] as a person who was previously found not guilty by reason of insanity (NGI).  On appeal, Shamoun's appointed counsel raises no arguable issues but asks this court to

---

[1]    All statutory references are to the Penal Code unless otherwise specified.

exercise its discretion to conduct an independent review of the record. However, we agree with the reasoning and holding in *People v. Martinez* (2016) 246 Cal.App.4th 1226 (*Martinez*) that the procedures set forth in *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) do not apply to an extension of NGI civil commitment. Accordingly, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1996, the trial court found Shamoun not guilty by reason of insanity of four counts of arson of an inhabited structure (§ 451, subd. (b)) and committed him to a state hospital. After several unsuccessful placements on an outpatient basis under community supervision in a conditional release program, Shamoun's outpatient status was revoked and he was recommitted to the state hospital. His maximum date of confinement was set to expire on July 15, 2023.

In May 2023, the People filed a petition pursuant to section 1026.5 seeking to extend Shamoun's civil commitment an additional two years. In the petition, the People alleged Shamoun still suffers from a mental disease, defect, or disorder and by reason of such mental disease, defect, or disorder represents a substantial danger of physical harm to others. To support the petition, the People attached an affidavit from the medical director of the state hospital, who opined that Shamoun is still suffering from a mental disease, defect, or disorder and, as a result, continues to represent a substantial danger of physical harm to others. The trial court subsequently appointed two doctors to examine Shamoun pursuant to section 1026.2.

Shamoun's trial commenced on October 24, 2023 and Shamoun was represented by counsel. At trial, the People presented testimony from a psychiatrist, a clinical social worker, and three forensic psychologists. In his

2

defense, Shamoun presented testimony from his own forensic psychologist. Shamoun and Shamoun's brother also testified. After considering the evidence and the arguments of counsel, the jury found the People had proven the elements necessary for recommitment under section 1026.5. The court then ordered Shamoun's commitment extended for two years through July 25, 2025.

## DISCUSSION

We appointed counsel to represent Shamoun on appeal. His counsel filed a brief summarizing the facts and proceedings below. Counsel did not identify any arguable issues but nevertheless requested we exercise our discretion to independently review the record on appeal. Shamoun was provided with a copy of the brief and informed of his right to file a supplemental brief. He has not timely responded.

Counsel notes the Supreme Court's decision in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*), which held that the *Anders/Wende* independent review procedures do not apply to civil commitments pursuant to the Lanterman-Petris-Short Act (Welf. & Inst. Code, §§ 5000 et seq.). (*Ben C.*, *supra*, at p. 539.) Counsel attempts to distinguish this appeal from the holding in *Ben C.*, since unlike the conservatorship proceedings at issue in *Ben C.*, this appeal stems from section 1026.5 civil commitment extension proceedings.

However, in *Martinez, supra*, 246 Cal.App.4th 1226, the court reviewed *Ben C.* and other relevant cases and held that "due process does not require an appellate court to conduct an independent review of the appellate record [applying *Anders/Wende* procedures] for possible issues in an appeal from an extension of an NGI's civil commitment." (*Id.* at p. 1230.) The *Martinez* court reasoned, "Just as there are protections in place in conservatorship

3

proceedings to guard against an erroneous conclusion ([*Ben C.,*] *supra,* 40 Cal.4th at p. 542), so too are there procedures in place to protect one committed to a state hospital pursuant to section 1026.5. Consequently, the risk that failure to adopt *Anders*'s procedure in appeals from a civil judgment extending an NGI's civil commitment will result in an erroneous resolution on appeal is negligible." (*Id.* at p. 1239.)

We agree with the reasoning of *Martinez* as applied to this appeal. Because no reasonably arguable issues have been raised by counsel, we decline to exercise our discretion to conduct an independent review of the record in this case pursuant to *Anders/Wende* or otherwise and dismiss the appeal. (*Martinez, supra,* 246 Cal.App.4th at p. 1240.)

DISPOSITION

The appeal is dismissed.

BUCHANAN, J.

WE CONCUR:


McCONNELL, P. J.


KELETY, J.

4